New York as a trucking concern. It was subject to the Unemployment Insurance Law. In December, 1938, the corporation found itself in financial difficulties and transferred its assets consisting of four trucks to its president who was a preferred creditor of the corporation and who held a chattel mortgage covering the four trucks. The corporation went out of business and on February 1, 1939, a partnership was organized by the former president of the corporation together with his brother, a former employee. Three other employees of the corporation were hired by the partnership and continued working for the partnership. The partnership did not have four employees. A proper certificate was filed showing that they were doing business under a trade name. The transfer of their assets was pursuant to the chattel mortgage. The term " successor " as used in subdivision 3 of section 502 of the Unemployment Insurance Law [Labor Law, §§ 500–539] does not include vendees or transferees of a covered employer. (*Matter of Turano* v. *Wightman*, 286 N. Y. **574**.) The decision appealed from should be affirmed, with costs. Decision appealed from unanimously affirmed, with costs. Present — Hill, P. J., Crapser, Heffernan, Schenck and Foster, JJ.

ANNA REISENBERG and CHARLES REISENBERG, Appellants, v. WILLIAM NADLER, Respondent, and ELMER KLASS, Defendant.— Appeal from an order of the Special Term entered in the Sullivan county clerk's office on November 20, 1940, changing the place of trial from Sullivan county to Kings county on the ground of the convenience of witnesses and in the interests of justice. Order reversed on the law and facts, with ten dollars costs, and motion denied, with ten dollars costs. Hill, P. J., Bliss, Heffernan and Foster, JJ., concur; Schenck, J., dissents and votes to affirm.

CHARLES D. BECKWITH, Appellant, v. MAY A. BECKWITH, Individually and as Executrix, etc., of CLARENCE A. BECKWITH, Deceased, Respondent.— Appeal from so much of an order of the Special Term entered in the Schenectady county clerk's office on February 19, 1941, as denied plaintiff's cross-motion to compel defendant to produce and discover certain documents and records. Order reversed on the law and facts, in so far as appealed from, with ten dollars costs and disbursements. Cross-motion for discovery and inspection granted, with ten dollars costs, in so far as the examination is limited to records in existence. Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ., concur.

EDWARD H. PATTERSON, Appellant, v. CLARENCE R. COLLINS, Respondent.— Motion to dismiss answer and for judgment on the pleadings. Action on promissory note. Defense is conditional delivery. Order unanimously affirmed, with ten dollars costs and disbursements. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

In the Matter of the Application of JOHN CARNEVALE, Appellant, against Hon. JAMES W. LIDDLE, as County Judge of Schenectady County, Impleading Hon. THOMAS W. WALLACE, as District Attorney for Schenectady County, Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. ANGELO CAIAZZO, Appellant, v. JOSEPH H. WILSON, as Warden of Great Meadow Prison, Comstock, New York, Respondent.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ,